An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW JONATHAN BARBIERI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62073

FILED

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of grand larceny of a firearm and one count of grand larceny. Tenth Judicial District Court, Churchill County; Robert E. Estes, Judge.

Appellant's convictions stem from his theft of firearms and personal property from a family with whom he was living. After the theft, one of the victims discovered a document in appellant's notebook entitled "getaway list." The victim recognized the handwriting in the note as belonging to appellant. The note identified a number of items that were taken from the victims' home and included the entries "shoot a cop" and "kill danny-Rodger."[1] Appellant argues that those entries refer to prior bad acts and that the district court erred in admitting them without a

---

[1]Testimony at trial revealed that appellant had lived with two men named Danny and Rodger before he moved in with the victims in this case.

13 - 17406

*Petrocelli*[2] hearing. He further argues that the evidence was inadmissible because it was more prejudicial than probative. We disagree.

First, arguably the evidence did not refer to prior bad acts because the entries appear to reflect a future plan rather than a written recording suggesting that appellant took any action toward shooting a police officer and killing Danny and Rodger or accomplished those deeds. As such, no *Petrocelli* hearing was required before admitting the note.

Second, even assuming a *Petrocelli* hearing should have been conducted, the error is not reversible when the record sufficiently establishes that the evidence was admissible under *Tinch v. State*, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997) (setting forth test for admissibility of prior bad act evidence—"(1) the incident is relevant to the crime charged; (2) the act is proven by clear and convincing evidence; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice"), *as amended by Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012), "or the trial result would have been the same had the trial court excluded the evidence." *Diomampo v. State*, 124 Nev. 414, 430, 185 P.3d 1031, 1041 (2008). Here, we conclude that the evidence met the *Tinch* test because it was relevant to the offense and proven by clear and convincing evidence based on the victim's identification of the handwriting in the note as belonging to appellant. We reject appellant's contention that the challenged evidence was more prejudicial than probative. Although the evidence was prejudicial, it was not unfairly prejudicial because it was probative of the perpetrator's

---

[2]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985).

identity and possible motive for committing the offense. *See* NRS 48.035(1); NRS 48.045(2).

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Chief Judge, Tenth Judicial District
Hon. Robert E. Estes, Senior Judge
Churchill County Public Defender
Troy Curtis Jordan
Churchill County District Attorney
Attorney General/Carson City
Churchill County Clerk

